May it please the Court, Your Honor. Paul Ward for Petitioner Christopher Blanks. The Court has asked the parties to comment on Lunesbury v. Thompson, whether or not it provides any guidance for the outcome of this case, and I believe it does. And I will address that momentarily, but first of all, I want to address a brief matter, and that is the State of California and the District Court have characterized Mr. Blanks' federal claim in his petition. Can you just raise your voice just a little, please? Oh, sorry. I want to address how the District Court and the State of California have characterized Mr. Blanks' federal claim in his habeas petition. Their view is that it has been restricted to the right to the counsel of choice. Now, the petition itself does not say that. The claim in the petition is, I was deprived of my Sixth Amendment right to counsel, and the facts stated in support of that petition are I tried to hire a new attorney, and the court wouldn't let me. So I think to characterize that as limited to the right to      So I think that's the way it is. All right. Well, just to make an accurate record now, when you say petition, which petition you're speaking of? I'm speaking of the federal habeas petition that initiated the federal proceedings there. But even assuming that that claim has been correctly characterized, Lunesbury v. Thompson does, I believe, compel the outcome in favor of Mr. Blanks in this case. Lunesbury states that when two claims are sufficiently related, that exhausting the burden of proof, that exhausting a procedural claim may also exhaust the substantive claim, then if you do, in fact, present one claim and it gets exhausted, you have exhausted the other claim. The other standard stated in Lunesbury is that when two claims are intertwined, then resolving one or exhausting one exhausts both of them. Now, the claims in this case are slightly different in that I don't think we have one procedural claim and one substantive claim, although the original claim in state court was that he was denied the procedural investigation into why he wanted to change attorneys. But in any case, so then the question comes down to, well, how intertwined are these two claims? If one takes the view that the state court claim was limited to a claim of ineffective assistance of counsel, while the federal claim was limited to a claim of denial of a right to choice of counsel, how does that relate to the state court claim? At the time all this occurred, his counsel was appointed counsel. He had appointed counsel, that's correct. And he had some sort of dispute with him or what? I don't know. They never made it into the record because we don't know. At the time of trial, he was with his appointed counsel. He was. He did go to trial with his appointed counsel. At least it used to be kind of a standard tactic to preserve an issue on appeal. You know, right before trial, they want to get rid of the public defender, they want a real lawyer. And generally, you know, if it's denied, then they have an issue for appeal. Correct, Your Honor. And, you know, defendants frequently just try to delay things by at the last moment stepping up and saying, you know, I want to fire this guy and I want to hire somebody else. I mean, that's certain. I know that's a common tactic. Well, all the arguments, though, in the state court, you know, were that he was he mean, the petitioner was denied the right to replace his attorney. Right. He wanted to get another attorney. He didn't say anything about the Sixth Amendment. Right. Oh, yeah. No argument there. Oh, yeah. The six I got six amendments quoted there. And it's effective assistance of counsel. Yep. Six and 14th amendments quoted in the state court. In the state. No, in the state court briefs. Yes. And in the. Can you show me where. Well, I was in the in the opening brief. I think the second paragraph of the first argument which will open. Well, the appellant's opening brief in the direct appeal on direct appeal. Yeah. Which begins in the. What page. Excerpt of record is on. It's on page two hundred seventy. Two hundred seventy. Bottom page. Of course, failure to conduct even a course. What page of the brief is it? It's page six of the opening brief. It's page 270 of the record of the of the respondents. Excerpt of record of the larger. Well, where's your. So on page six of your brief. Right. That's my brief. And at the bottom it says the court's failure to conduct even a cursory inquiry into Mr. Mr. Blank's reasons for wanting new counsel denied Mr. Blank's right to effective assistance of counsel guaranteed by the sixth and fourteenth amendments to the United States Constitution, citing the United States Constitution Amendment 14 and six and people be Marsden, which is a state court case that is based on the Sixth Amendment. So there was clearly the federal federal claim to to Sixth Amendment claim was was raised and exhausted in the state court. Well, then you go on to argue that this case is just like Marsden. Right. And the argument is really about, you know, a request to get a new attorney. So it is. And, you know, the argument is the court didn't comply with Marsden because in that case, Marsden requires a hearing. Right. That's that's correct. And as I was about to say, if we apply the standard set out in Bloomsbury as to whether or not these two claims are so distinct that the California courts would not have been on notice or had a fair opportunity to address these two distinct claims of ineffective assistance of counsel or denial of the right to counsel. Both the California Court of Appeal and this court have said they are essentially the same claim. And the California Supreme Court did that in people v. Ortiz, which is a case that the state in their opening in their repellees brief to this court. And the court says we are justifiably page nine eighty five of that case. We are justifiably concerned about the right to choice of counsel and thus the right to effective assistance of counsel. Then they cite a previous California Supreme Court case. And they cite the quotation from that is or the gist of that is right to counsel of choice, closely linked with the doctrine of effective assistance. Now, as to how this court has viewed the two, I refer the court to Bland v. California Department of Corrections, also has been cited by both parties previously at page. Well, at the very end of page 1475 and spilling over onto 1476, they are talking about Mr. Bland's very similar situation to the case at hand where Mr. Bland said he wanted to replace his retained attorney with appointed counsel. That's the only difference. And this court goes on to say the elements required under the Sixth Amendment are consistent with California state law which protects the defendant's constitutional right to counsel of his choice. See people v. Ortiz and people v. Marsden. The gist of that is, is that Ortiz and Marsden protect the same set of rights under the Sixth Amendment. Whether it's broken down into its subparts of right to counsel of choice or the effective assistance of counsel, they are one and the same claim. So any court, any California court that has been notified in a claim that he was denied effective assistance of counsel and the facts of this case are that I tried to replace my counsel with retained counsel and the judge merely said, well, I don't think so. Well, Bland is a case of, you know, denial of counsel of choice, which again is a claim you made in the state court. That's not the same claim you're making here, are you? Well, actually, Your Honor, you have the backwards from the claims made by the state and the district court. The district court and the state have characterized the two proceedings. The state court proceeding as a claim was limited to effective assistance of counsel. That is their claim. And the federal habeas petition is limited to the choice of counsel, both of which fall under the Sixth Amendment. And the contention is that the choice of counsel claim is so different from the effective assistance of counsel claim that California courts had no opportunity to address that issue because it was they were not on notice. They didn't have the facts. They didn't have the law. Well, of course, the facts are the same. Mr. Blank's tried to get a new attorney. The court cut him off. And, you know, I don't think so. Well, he said he's fired. He said he told him I'm fired. Let's see. I've run over time. But, yes, he said I'm fired. He couldn't fire him, could he? Well, he can. He does have to. Well, not at that point, he couldn't. He still would have had to get permission from the court to substitute counsel. He would. He would. And the court is required to hold some sort of hearing to determine, you know, whether or not, as this Court has stated in Blank, whether or not this is timely, whether or not there's a conflict between the attorneys. Well, he said, well, if you have a new attorney, let him come in here on the trial date. Which was over the weekend. If he's ready to go. If he's ready to go. If he's ready to go. Well, if he had a new attorney, he could come in and say, yes, I want to represent this person, but I need a few more days, a week, and the judge would probably, yeah, okay. Well. That's the way they do it. Yeah. Well, the court, in fact. Why don't you take a rest for a minute? We'll hear from the State. Okay. We'll cut his argument short and then see the time to you. He's all dressed up. He looks like a pretty good vice presidential candidate. May it please the Court. Good morning. I'm Kevin Viena, Deputy Attorney General for Respondent and Appellee. In this case, in order to have exhausted in the State courts, Mr. Blanks was required to present the same federal theory and the same operative facts. He wholly failed to present either the legal theory or the operative facts for a choice of counsel claim. His only claim was that he was denied under Marsden, and he relied on repeatedly, principally, Marsden. Marsden is a counsel competence case. He never said anywhere in the State courts on direct appeal that he was denied the right to choice of counsel. And the operative facts in those two types of claims will be greatly different. For a Marsden claim, the operative facts are either that my counsel is not competent or something has happened to our and irreparable breakdown has occurred in our relationship. For a choice of counsel claim made at the last minute, if that even was made, but for a choice of counsel claim, the operative facts would have been he wants new counsel, he is able to retain new counsel because the right to choice of counsel is a limited right. It applies only to those who have the ability to retain counsel and that he has counsel who is willing to represent him. None of those were developed in the State court in at any way, in any way. Now, Mr. Blanks essentially in his reply brief concedes that he was wrong all along in referring to Marsden in the State courts. And actually, when I read his reply brief, I thought this case was over, that he conceded it. But this Court has asked another question, and that is, does this Court's decision in Lounsbury change this analysis in some important way? And if I may, I'll turn to Lounsbury to address that. It does not. Lounsbury is, I would say, in many ways unique, but it is certainly different from Mr. Blanks' case. Perhaps beginning, the difference begins with the procedure for making an appeal to the Oregon Supreme Court, which this Court has addressed on a number of occasions, and how defense counsel or appellate counsel are discouraged from developing all issues in the Oregon Supreme Court. That does not apply in California, which has a different rule, California Court Rule 28A, which makes quite clear that a petition for review may appeal any decision by a court of appeal. Now, this also is different because Mr. Blanks' claims in the California Supreme Court were precisely the same as the claims that he made in the lower court. That is, that he was denied a Marsden hearing, and he was denied the effective assistance of counsel. Never once did he say choice of counsel. Now, I would also say, though, that on the merits, the facts of this case, the issues are different from Lounsbury. Lounsbury involved what turned out to be two, what turned out to be described as two different claims in the District Court. That is, a procedural issue on whether the burden of proof was properly applied in a competency hearing, and the substantive claim of whether Mr. Lounsbury was competent to stand trial. The procedural issue is always bound up, intertwined, related to, closely related to the substantive issue in a claim like Mr. Lounsbury's. That is, his procedural issue of the burden of proof made no sense unless it was related to the ultimate outcome of whether he was substantively competent or not. That's definitely not the case in a circumstance like Mr. Blank's. When an indigent client like Mr. Blank's, who had appointed counsel, makes a Marsden complaint, that not only is not always, but in fact is rarely connected to a choice of counsel claim, because there has to be a presumption that an indigent counsel hasn't, his indigency status hasn't changed. That is, he would have to demonstrate the ability to exercise choice of counsel. And that's why the operative facts are so much different. Well, you know, his relative, his mother or father could pay for the cost of counsel, or his wife. That might have. And, you know, he says, Mr. Whitman, Mr. Blank's. Mr. Whitman has been fired, Your Honor. I don't think so, says the court. Then his attorney says, did you hire another attorney? Mr. Blank's, excuse me, Mr. Whitman, did you hire another attorney? Mr. Blank's, I'm in the process of doing it now, Your Honor. Doesn't that suggest that two things? He had a problem with his attorney for some reason or other. And two, he wanted to get his own other attorney. I think it did suggest that. It did suggest that. And the court responded to that. Said if you. No. Well, he said no, but then he conditioned it. But that was later conditioned and softened. It said if you show up with an attorney, we'll discuss that. Right. He says no. The case is ready for trial. If that attorney walks in on Monday ready to pick up the case, then that may work. It's not going to delay the case. Well, Your Honor, if he had shown up with another attorney, that is, if he'd shown up with an attorney on Monday who was – that is, if he demonstrated the wherewithal to retain counsel, that he had found counsel who was willing to represent him and counsel had said, I can't start this morning, but I need a certain amount of time, then there would have been a different – there would have been a different inquiry by the court, a constitutionally compelled different inquiry. So didn't the court have any obligation to say, is there a problem here? I think it might have been a good idea. But I don't think the court had a duty, a constitutionally compelled duty to engage in that sort of inquiry. But the – but we're really getting to the substance of the claim here at this point. Well, you have to look at the colloquy here to understand whether or not it also involves just the procedural aspect and whether or not he was also asking for another counsel. Whether he wanted to exercise his right to have a – Yes, Your Honor. And that's why the exhaustion problem or the exhaustion issue is so important in this case. If he had sought to exercise choice of counsel, the operative facts on which the state court would have made the decision of whether the trial court erred or not would have been completely different than an effective assistance of counsel claim. The operative facts on a choice of counsel claim would have been, okay, you wanted one, could you afford one, had you made any steps to get one, was there one who  The state courts were never given an operative – Well, I'm in the process of doing it now, Your Honor. Okay. Process starts with an idea. I might want to do it. But that's all we have is an idea. But the operative facts for ruling on that decision would have been different. And those operative facts were never presented in the state court because the legal theory was never there. Mr. Blank's claim in the state courts was that he was denied a Marsden hearing. Now he realizes that he didn't even want a Marsden hearing, that unlike Bland and unlike Shelby Witek, maybe he wanted a new counsel and maybe he could have gotten one. The evidence you're hearing in the district court showed that he had made little or no movement towards realizing that for two weeks after, two weeks after he'd made that statement on September 15th. Well, that gets to the merits. Yes, it does get to the merits. This is just really about how he fairly presented his claim. Yes, Your Honor. In the highest state court of California. Yes. And there simply was – Practically and on the theory. I agree completely. And there just was no way for the California State Court to have made a decision on choice of counsel because there were no choice of counsel – there was no choice of counsel Federal legal claim articulated and there were no operative facts described on which they could have made a ruling. Okay. Okay. Thank you. Thank you. All right. Counsel is seated. One minute and 24 seconds to you. Thank you very much. Well, counsel says, you know, there were no facts, but we do have the record where he said, I want a new counsel and the court just cut him off. And this court's decision in Bland says – He said, I want a new counsel. He says, Mr. Whitman has been fired. Well, okay. That certainly implies that, you know, he doesn't want this counsel. And then not at the court's inquiry, but his own – Mr. Whitman's own question, have you hired new counsel? I'm in the process of doing it. That clearly indicates that he wants new counsel. He's trying to get new counsel. And for the state to say that there's no evidence – That's true in the trial court, but he didn't press that claim in the habeas, did he? In the direct appeal? Either. Well, in the direct appeal, I did limit the California case citations to Marston saying it was required to have a Marston hearing. Technically, Marston does not cover this exact situation. But the claim and the facts are so close that any California court – It's broad enough. That's what you said. It's broad enough. The court really cannot address this – You mean, even if you cite Marston, but if the court looks at the record, you can see that colloquy about, well, you know, I want to fire him or whoever it is. Yes. In fact, there's more evidence in the record about choice of counsel than there is about the perspective assistance in conflicts. Who did the appeal? I did. You did? I did. The direct appeal. I did the direct appeal, and I did the – I'm doing this now. Who did the habeas? There was no habeas in State court. I did the habeas in the Federal District Court. Because your position was exhausted in the direct appeal, right? Yes, exactly. And under Bland, I mean, the facts of what happened to Mr. Bland are nearly identical to what happened to Mr. Bland. The court cut him off, and this Court says you need some inquiry and would not presume some sort of prejudice. Thank you, Your Honor. Okay. With that, this session of the court is concluded, and the court stands adjourned. Good luck to you all. All rise. This session stands adjourned. Thank you.
judges: Pregerson, Tashima, Paez